[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Simmynora Adorno, by writ, summons and complaint, CT Page 9012 dated, December 19, 2001, is seeking inter alia, a dissolution of her marriage to the defendant, William Adorno. The defendant has filed his answer and counter-claim for dissolution.
After a full trial, the parties present and represented by counsel, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational and lawful inferences to be drawn therefrom finds, rules and orders as follows:
The parties were married on October 17, 1999, at Saint Thomas, British Virgin Islands.
The plaintiff has resided in this State at least one year next before the date of this complaint.
There are no minor children, issue of the marriage, and no other minor children have been born to the wife since the date of the marriage.
No governmental agency has contributed to the support or maintenance of the parties.
The marriage of the parties has broken down irretrievably.
The parties had lived together for some time prior to the marriage.
Both parties are high school graduates and worked and mutually supported the household during the time they started living together and throughout the course of their marriage. The defendant earns $55,000 per year, the plaintiff, now unemployed, has made $28,000 per year.
The defendant is deeply into motorcycle racing, a hobby that the plaintiff seems to share.
However, the defendant, in pursuit of sponsorship to help finance motorcycle racing, spends an inordinate amount of time at his computer which contributed to a strained relationship between the parties.
The plaintiff seems to have engaged in a relationship with a third party which has also deepened the rift between the parties.
The court finds that both parties bear equal responsibility for the breakdown of the marriage.
In furtherance of the defendant's interest in motorcycle racing, the parties purchased a Silverado Chevrolet truck. CT Page 9013
The defendant purchased and gave as a gift to the plaintiff a Harley Davidson motorcycle.
The defendant, without contributing any funds, co-signed a mortgage on a house where the plaintiffs mother resides. The defendant co-signed and title to the premises was placed in his name as joint owner. The defendant, in addition to having paid nothing towards the purchase price, has never contributed to the mortgage, taxes, insurance or maintenance costs of the property. There was never an intent on the part of the plaintiffs mother or grandmother that the defendant was to become an owner of the property. Where the purchase money is provided by one and the legal title is taken wholly or in part in the name of another, who has contributed no funds towards the purchase, a resulting trust arises at once, by operation of law, in favor of party paying the money, particularly in the case where the defendant cannot show that an intent that he was to be a co-owner. See Whitney v. Whitney, 171 Conn. 23, 32-33 (1976).
The defendant shall forthwith provide the plaintiffs grandmother and mother a quitclaim deed to the premises at 36 Warwick Street in Middletown, Connecticut. The plaintiffs mother shall refinance the property and remove the defendant's name from the mortgage.
The defendant shall retain title to the marital home at 41 Edgewood Court, Middlefield, Connecticut. He shall be responsible for the first and second mortgages, real estate taxes, homeowner's insurance and utilities, and shall hold the plaintiff harmless thereon.
The defendant shall pay to the plaintiff, as periodic alimony, the sum of $175.00 per week for a period of three years from the date of the decree.
He shall also maintain health insurance for the benefit of the plaintiff for a period of three years from the date of this decree or until the plaintiff becomes eligible for health insurance through employment, which ever first occurs.
The plaintiff shall retain as her own, free and clear of all claims of the defendant, any judgment or settlement fund accruing to her from her personal injury claim resulting from injuries sustained at TGIFriday's.
The plaintiff shall receive the freezer located at the marital home, her Harley Davidson motorcycle, her kitchen wave and the remainder of her personal belongings, also located in the marital home.
In lieu of any renumeration for her interest in the marital home, to CT Page 9014 which she has contributed both monetarily and non-monitarily, the plaintiff shall be the sole owner of the Chevrolet Silverado truck, free and clear of all claims of the defendant, who shall forthwith transfer title to the plaintiff. The plaintiff shall retain her BC/BS stock and her 401 K, free and clear of all claims of the defendant. The defendant shall retain his 401K, his racing bike, his trailer, his 90 Ford Probe, his stock, the funds in the liberty savings and checking accounts and BC/BS stock, free from any claims of the plaintiff.
The parties' joint debt to the Connecticut Lottery is in dispute. If found liable, the parties shall each pay one-half the sum found owed.
The defendant shall be responsible for the other debts listed on his financial affidavit, including sums owed to Navy Federal Providian Visa (in his name individually), Fleet (in his name individually), Capital One (in his name individually) and his 401K loan, and shall indenmify the plaintiff thereon.
The plaintiff shall pay the debts to Providian (in her name only), Fleet (in her name only), Capital One (in her name only), and Dr. Weiss, all as listed on her financial affidavit, and shall indemnify the defendant thereon.
The defendant shall pay to the plaintiff $2,000 in counsel fees.
The refund checks, for both Federal and State income taxes, now being held in escrow by defendant's attorney, shall be distributed as follows: $2,000 to the plaintiff towards her counsel fees, $1,000 to the plaintiff and $1,127.23 to the defendant.
A decree may enter dissolving the marriage and incorporating these in the above distributions and awards as orders of the court.
 SPALLONE JUDGE TRIAL REFEREE